Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3360 | **DATE** | 10/27/2004 |
| **CASE TITLE** | Hedeen vs. AON Corporation, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order: Prudential's motion (5-1) to dismiss Counts III and IV of the complaint pursuant to FRCP 12(b)(6) is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| ✓ | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

courtroom GL deputy's initials

Date/time received in central Clerk's Office

number of notices

OCT 2 8 2004
date docketed

docketing deputy initials

10/27/2004
date mailed notice

GL
mailing deputy initials

Document Number: 16

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ALAN HEDEEN )
)
)
Plaintiff, ) No. 04 C 3360
)
v. )
)
AON CORPORATION; and THE )
PRUDENTIAL INSURANCE COMPANY )
OF AMERICA )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

On May 12, 2004, Plaintiff Alan Hedeen ("Plaintiff" or "Hedeen") filed this four-count complaint against the Defendants Aon Corporation ("Aon") and The Prudential Insurance Company of America ("Prudential") alleging violations of the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. §§ 1001-1461. The violations alleged stem from Prudential's denial of Plaintiff's claim for long-term disability benefits under a group insurance policy underwritten by Prudential and procured and administered by Aon, Plaintiff's employer. Prudential filed a motion to dismiss Counts III[1] and IV of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, we grant Prudential's motion.[2]

---

[1] Count III of the Complaint applies to both Aon and Prudential.

[2] This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331 because it is brought under the laws of the United States (specifically, ERISA).

## BACKGROUND

In considering a motion to dismiss under Rule 12(b)(6), we accept all well-pleaded allegations as true. *Treadway v. Gateway Chevrolet Oldsmobile, Inc.*, 362 F.3d 971, 981 (7th Cir. 2004). Therefore, we recite the facts as Plaintiff presents them in his complaint.

Hedeen began his employment with Aon in May 2000. On his first day, Aon held a new employee orientation meeting. During this meeting, new employees were told how to enroll for certain employee benefits provided by Aon. Unfortunately, Hedeen arrived late to this meeting and missed the portion addressing the procedure for employee benefits enrollment.

In August 2000, Hedeen learned that he was supposed to have completed a benefits enrollment form within thirty days of the start of his employment with Aon. Upon realizing his error, Hedeen went to his supervisor, who contacted Aon's employee benefits department on Hedeen's behalf. Hedeen was then instructed to file an appeal, which he did. On October 16, 2000, Aon responded to Hedeen's appeal and informed him that it was willing to accept Hedeen's benefits elections despite his untimely enrollment. Aon provided Hedeen with the appropriate enrollment forms and instructed him to complete them. Also on October 16, Aon informed Hedeen that his "benefit elections with the exception of . . . Long-Term Disability will be effective retroactive to June 5, 2000" and "[i]f . . . Long-Term Disability [is] elected, coverage will be effective as of the date of approval by the insurance carrier."

In November 2000, Aon sent Hedeen a form listing his current benefits elections and coverage. This form contained the following sentence: "**You are currently covered under the Long-term disability plan.**" (Compl. Ex. 1, at 2) (emphasis in original). This form further indicated that $11.04 was to be withheld from each of Hedeen's paychecks as his premium contribution for this coverage.

Hedeen signed this form and returned it to Aon's employee benefits department. Thereafter, $11.04 was regularly withheld from Hedeen's paycheck for long-term disability coverage.

In December 2001, Hedeen began experiencing back pain and other related health issues. After seeing multiple physicians regarding these problems, Hedeen was placed on medical leave in October 2002. He then applied for short-term disability benefits pursuant to his group coverage; Hedeen was approved for these short-term benefits.

Unfortunately, Hedeen's condition did not improve and his short-term benefits expired in April 2003. With Aon's assistance,[3] Hedeen then applied for long-term disability benefits with Prudential.[4] On June 24, 2003, Prudential denied Hedeen's claim on the grounds that Hedeen had not provided "evidence of insurability" to Prudential as required by the Policy's enrollment and eligibility provisions. After exhausting administrative appeals with Prudential, Hedeen filed the present action.

## ANALYSIS

Prudential moves to dismiss Counts III and IV of the Complaint pursuant to Rule 12(b)(6). "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990) (quoting *Triad Assocs., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989)). In considering a motion to dismiss, we accept all well-pleaded allegations as true and draw all reasonable inferences in the plaintiff's favor. *Hernandez v. City of Goshen*, 324 F.3d 535, 537 (7th Cir. 2003). Thus, a motion to dismiss should be granted only when it appears beyond a doubt that plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Hernandez*, 324 F.3d at 537.

---

[3] Aon's Employee Service Center faxed Hedeen's enrollment forms to Prudential and indicated that Hedeen "was currently enrolled in [long-term disability] coverage."

[4] As stated earlier, Prudential was the long-term disability insurance carrier for Aon and its employees.

3

I. COUNT III

Count III of the Complaint alleges violations of §1132 of ERISA. 29 U.S.C. §1132. Plaintiff does not specify under which provisions of §1132 that Count III is brought. Count III could be construed in three ways: (1) as a claim for benefits under the Policy pursuant to §1132(a)(1)(B); (2) as a claim for breach of fiduciary duty under §1132(a)(2); and (3) as a claim for equitable relief for breach of fiduciary duty under §1132(a)(3). In its Brief, Prudential argues that dismissal is warranted under any interpretation of Count III. Thus, we address each possible claim under Count III in turn.

*A. CLAIM FOR BENEFITS UNDER § 1132(a)(1)(B) OF ERISA*

Prudential argues that Hedeen has failed to comply with the unambiguous enrollment procedures and conditions set forth in the above provisions and, therefore, is not entitled to benefits under the Policy. We agree.

Employee benefit plans under ERISA are governed by written instruments. 29 U.S.C. §1102(a)(1). In interpreting these instruments, we apply federal common law rules of contract interpretation. *Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 873 (7th Cir. 2001). Therefore, we interpret ERISA plans in an ordinary manner like a person of average intelligence and experience would. *Id.* (internal citations omitted). In interpreting these plans, we must first determine whether the contract is ambiguous. *Id.* If we decide the contract is unambiguous, we may construe it as a matter of law. *See id.*

The Policy provisions at issue state the following:

> **Prompt Enrollment is Important**, so enroll on an early date. If you do so, your Employee Insurance under a Coverage will begin the first day on which you have enrolled, and:

4

- You are eligible for Employee Insurance; and
- You are in a Covered Class for that Insurance
- You have met any evidence requirement for Employee Insurance; and
- Your insurance is not being delayed under the Delay of Effective Date section below; and
- That Coverage is part of the Group Contract.

The Policy goes on to list the circumstances under which the evidence requirement referred to above is applicable:

> **When evidence is required**: In any of these situations, you must give evidence of insurability. This requirement will be met when Prudential decides the evidence is satisfactory.
>
> (1) You enroll more than 31 days after you could first be covered.
> (2) You enroll after any of your insurance under the Group Contract ends because you did not make a required contribution.
> (3) You have not met a previous evidence requirement to become insured under any Prudential group contract covering Employees of the Employer.

Finally, the Policy also defines the term "Covered Classes":

> **Covered Classes**: The "Covered Classes" are these Employees of the Contract Holder: All U.S. Employees classified by the Contract Holder as:
>
> 1. Full-time Staff Employees who: (a) have a minimum of twenty-eight days of continuous service immediately preceding their individual effective dates of insurance and (b) who have been actively at work performing all duties of their usual occupation for 15 of the 20 working days immediately preceding their individual effective dates of insurance.

(Compl. Ex. 2, at 3, 7-8).

The enrollment provisions set forth above are unambiguous. As the Policy makes clear, the Insurance becomes effective when the beneficiary/participant (1) has enrolled (2) is in a Covered Class and (3) has met any evidence requirement. A beneficiary must give evidence of insurability when he

5

has enrolled more than thirty-one days after he could first be covered. Thus, it is important to determine when the employee could first be covered. The "Covered Classes" section answers this, and indicates that an employee could first be covered once he has been employed continuously for twenty-eight days by the Contract Holder (i.e., Aon). Thus, if the employee enrolls more than thirty-one days after the twenty-eighth day of his employment, he must give evidence of insurability.[5]

Hedeen started work on May 8, 2000. He had fifty-nine days from that day to enroll in the long-term disability plan without having to submit evidence of insurability. Hedeen, however, did not enroll in the long-term disability benefits plan until at least October 16, 2000.[6] The policy required him to submit evidence of insurability. Hedeen admits that he failed to submit any such evidence. Therefore, Hedeen has not met a condition precedent to coverage under the Policy, and his claim for benefits must be dismissed. *Principal Mut. Life Ins. Co. v. Barclay Hosp.*, 81 F.3d 53, 56 (7th Cir. 1996) (upholding denial of benefits where beneficiary did not meet policy condition of full-time employment).

Plaintiff's argument that the Policy is ambiguous falls short. "Contract language is ambiguous if it is susceptible to more than one reasonable interpretation." *Neuma*, 259 F.3d at 875. While an understanding of the enrollment procedures and conditions does require some cross-referencing between different Policy sections, we do not find the Policy to be ambiguous. Plaintiff fails to advance any plausible alternative interpretation of the relevant Policy's provisions,[7] and our own reading of the Policy

---

[5]Phrased differently, the employee has a fifty-nine day window, beginning on the first day of his employment, in which to enroll without having to submit evidence of insurability.

[6]Although Aon informed Hedeen that his benefits enrollment was retroactive to June 5, 2000, it specifically excluded long-term disability coverage from this retroactive application. In fact, Aon informed Hedeen that the long-term disability coverage would "be effective as of the date of approval by [Prudential]." Compl. ¶ 19.

[7]While Plaintiff does present alternative interpretations, each of these alternatives ignores or flatly misconstrues relevant Policy provisions that refute Plaintiff's interpretation.

6

likewise reveals none. Thus, while we recognize that terms in insurance contracts should be interpreted in favor of the insured, we refuse to "artificially create ambiguity where none exists." *Hammond v. Fidelity & Guard Life Ins. Co.*, 965 F.2d 428, 430 (7th Cir. 1992).

B.   *CLAIM FOR BREACH OF FIDUCIARY DUTY UNDER §1132(a)(2)*

Count III of the Complaint could also be read as a breach of fiduciary duty claim under §1132(a)(2). 29 U.S.C. §1132(a)(2). In support of its motion to dismiss, Prudential argues: (1) that Prudential is not a fiduciary of Hedeen's; and (2) that Hedeen cannot seek damages for himself under §1132(a)(2). We find Prudential's second argument compelling and, therefore, do not reach the issue of whether Prudential is a fiduciary.

ERISA §1132(a)(2) provides that a civil action may be brought "by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title." 29 U.S.C. §1132(a)(2). Section 1109(a), as incorporated into §1132(a)(2), states that a breaching fiduciary "shall be personally liable to make good to [the] plan any losses to the plan resulting from . . . such breach. . . ." 29 U.S.C. §1109(a). Thus, only the plan itself, not an individual participant or beneficiary, can recover under §1132(a)(2). The Supreme Court recognized this in *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 140 (1985) (holding that recovery for violation of §1132(a) inures only to the plan, not to the individual participant or beneficiary). For these reasons, because Hedeen seeks to recover only for himself and not for the plan, his claim under §1132(a)(2) must be dismissed.

C.   *CLAIM FOR EQUITABLE RELIEF FOR BREACH OF FIDUCIARY DUTY UNDER §1132(a)(3)*

Finally, Count III of the Complaint may state a claim for equitable relief for breach of fiduciary duty pursuant to §1132(a)(3). In support of its motion, Prudential argues that if the Complaint states a claim under §1132(a)(3) it should be dismissed because (1) Prudential is not a fiduciary of Hedeen, and

(2) equitable relief under §1132(a)(3) is not proper where a direct claim for benefits is available. Since we find Prudential's second argument persuasive, we do not reach the issue of whether Prudential is a fiduciary.

We observe first that §1132(a)(3) authorizes an individual claim for appropriate equitable relief. *Varity Corp. v. Howe*, 516 U.S. 489, 507-09 (1996). The Supreme Court in *Varity*, however, limited the circumstances in which equitable relief is appropriate. Specifically, the Court noted that "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief . . . would not be 'appropriate.'" *Id.* at 515. When a direct claim for benefits under §1132(a)(1)(B) is available, therefore, a plaintiff cannot seek the same relief under §1132(a)(3). *See id.* Other courts in the Northern District of Illinois have reached this conclusion as well. *See, e.g., Kaliebe v. Parmalat USA Corp.*, No. 02-C-8934, 2003 WL 22282379, *3-4 (N.D. Ill. 2003) (Coar, J.).

Hedeen seeks to recover benefits under the long-term disability plan pursuant to §1132(a)(1)(B). Thus, any claim under §1132(a)(3) is duplicative.[8] Although we have already dismissed Hedeen's §1132(a)(1)(B) claim, several courts in other Circuits have found that a claim under §1132(a)(1)(B) need not be successful in order to preclude a claim under §1132(a)(3). *Katz v. Comprehensive Plan of Group Ins.*, 197 F.3d 1084, 1088 (11th Cir. 2000) (finding that availability of alternate "adequate" remedy does not require an adjudication in one's favor); *Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 610 (5th Cir. 1998) (holding that failure of §1132(a)(1)(B) claim did not make §1132(a)(3) claim viable); *Coyne & Delany Co. v. Blue Cross & Blue Shield of Virginia, Inc.*, 102 F.3d 712, 716 (4th Cir. 1996) (holding that

---

[8]We further note that Hedeen has not described the form of equitable relief he is seeking under §1132(a)(3). A fair reading of his Complaint, however, suggests that he is seeking only monetary damages for the benefits he was denied. Plaintiff could and, as we understand his Complaint, has brought this claim under §1132(a)(1)(B).

8

§1132(a)(3) claim not proper even if plaintiff lacked standing to sue under §1132(a)(1)(B)). While the Seventh Circuit has not addressed this issue, a well-reasoned opinion by Judge Manning of this District has also followed this approach. *Jurgovan v. ITI Enterprises*, No. 03-C-4627, 2004 WL 1427115 (N.D. Ill. 2004). In *Jurgovan*, the plaintiff could not recover damages under §1132(a)(1)(B) because of the plan's insolvency; the plaintiff thus tried to bring a claim under §1132(a)(3) to avoid this effect and recover. *Id.* at *2. In finding that §1132(a)(3) was not a proper remedy for the plaintiff, Judge Manning noted that the plaintiff could sue under §1132(a)(1)(B). Judge Manning stated that while §1132(a)(1)(B) "is a remedy that [plaintiff] understandably does not like, . . . it is still a remedy nonetheless." *Id.* at *4. Accordingly, we find that the dismissal of Hedeen's claim under §1132(a)(1)(B) does not transform his claim under §1132(a)(3) into a viable remedy. Hedeen's §1132(a)(3) claim under Count III is dismissed.

## II. COUNT IV

Under Count IV, Hedeen claims that Prudential should be estopped from denying benefits to Hedeen under the long-term disability plan. Prudential argues that Count IV should be dismissed under Rule 12(b)(6). We agree with Prudential.

In *Coker v. Trans World Airlines*, the Seventh Circuit laid out four requirements for an ERISA estoppel claim: (1) a knowing misrepresentation by the defendant; (2) made in writing; (3) with reasonable reliance by the plaintiff on that misrepresentation; (4) to his detriment. 165 F.3d 579, 585 (1999). Hedeen's Complaint is lacking with regard to the first element.

Hedeen's estoppel claim hinges on the following statement found on the 2001 Personal Enrollment Form ("Enrollment Form"): "**You are currently covered under the Long-term Disability plan.**" (Compl. Ex. 1, at 2) (emphasis in original). Since, as we have already discussed, Hedeen *was not* actually covered under this plan, this statement could certainly constitute a misrepresentation. However, a misrepresentation by anyone is not sufficient for estoppel, it must be made by the defendant.

9

*See Downs v. World Color Press*, 214 F.3d 802, 805 (7th Cir. 2000). Realizing this, Hedeen advances two theories under which the statement could be attributed to Prudential: (1) Prudential actually made the statement; (2) Aon made the statement while acting as Prudential's agent. We therefore consider each of Plaintiff's theories.

First, Plaintiff argues Prudential could be the author of the statement contained in the Enrollment Form.[9] The Enrollment Form itself clearly contradicts this assertion. The Enrollment Form summarizes *all* of Hedeen's benefits under the Aon Benefit Program, not just the long-term disability plan. Prudential, the long-term disability insurance carrier, surely would not author a document describing Hedeen's medical, dental and life insurance coverage. Furthermore, the Enrollment Form contains Hedeen's Aon Employee Identification number, is captioned "Aon Benefit Program", and directs Hedeen to return the form to the Aon Employee Service Center. Thus, the form appears to be nothing more than an internal Aon document. Where the plaintiff attaches an exhibit to the complaint that clearly negates a basis for the claim, we may consider the exhibit in dismissing the claim. *Thompson*, 300 F.3d at 754.

Based on the face of the form, we find that Prudential was not the form's author and, thus, did not directly misrepresent Hedeen's coverage status.

Alternatively, Hedeen asserts that the misrepresentation should be attributed to Prudential because Aon was acting as Prudential's agent when it told Hedeen that he was covered under the long-term disability plan. ERISA has been held to pre-empt state laws regarding agency. *Unum Life Ins. Co. of America v. Ward*, 526 U.S. 358, 378-79 (1999) (holding that California agency doctrine that automatically deemed the policyholder-employer an agent of the insurer was pre-empted by ERISA).

---

[9]As a preliminary matter, we note that, in considering a motion to dismiss under Rule 12(b)(6), we may consider any exhibits attached to the complaint. *Thompson v. Illinois Dep't of Regulation*, 300 F.3d 750, 753 (7th Cir. 2000).

10

Because ERISA does not specifically address agency principles, courts should look to federal common law in considering this issue. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 56 (1989).

The Supreme Court addressed this issue in *Boseman v. Connecticut Gen. Life Ins. Co.*, 301 U.S. 196 (1937). There, the Court recognized that "[w]hen procuring [and administering] the policy, . . . employers act not as agents of the insurer, but for their employees or themselves." *Boseman*, 301 U.S. at 204-05. Shortly thereafter, the Seventh Circuit cited *Boseman* with approval on this issue. *Metro. Life Ins. Co. v. Quilty*, 92 F.2d 829, 832 (7th Cir. 1937). More recent opinions further support this position, albeit in a less explicit manner. *See Gabler v. Minnesota Mut. Life Ins. Co.*, No. 92-C-8256, 1993 WL 433703, *4 (N.D. Ill. 1993) (Kocoras, J.) (noting that group policy holders act as agents of the insured in procuring and administering group policies); *Walley v. Agri-Mark, Inc.*, 2003 WL 22244957, *2 (D. Mass. 2003) (citing *Ward* and holding that group plan administrator is not the insurer's agent).

In the present case, therefore, we find that Aon, in procuring and administering the group insurance underwritten by Prudential, was not Prudential's agent. Without an agency relationship, any misrepresentations made by Aon cannot by imputed to Prudential. As such, Count IV fails to adequately allege that Prudential made any actionable misrepresentations. Accordingly, Count IV of the Complaint is dismissed.

## CONCLUSION

For the foregoing reasons, we grant Prudential's motion to dismiss. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated 10/27/04