# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3360 | **DATE** | 1/13/2005 |
| **CASE TITLE** | Alan Hedeen vs. Aon Corporation | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Defendant Aon's motion (17-1 & 19-1) to dismiss Count II and III is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JAN 1 4 2005 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | 23 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 1/13/2005 date mailed notice | |
| GL | courtroom deputy's initials | Date/time received in central Clerk's Office | GL mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALAN HEDEEN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04 C 3360 |
| | ) | |
| AON CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

DOCKETED
JAN 1 4 2005

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Plaintiff Alan Hedeen filed a four-count ERISA complaint against Aon Corporation ("Aon") and the Prudential Insurance Company of America ("Prudential"). In our Memorandum Opinion and Order of October 28, 2004, we dismissed Count III as to Prudential and Count IV, which was brought only against Prudential. *Hedeen v. Aon Corp.*, No 04 C 3360, 2004 WL 2434230, at *5, *6 (N.D. Ill. Oct. 28, 2004). This ended Prudential's involvement in the case. Presently before us is Aon's motion to dismiss Count II and Count III. For the reasons set forth below, we grant Aon's motion.

### BACKGROUND

The facts were described fully in our earlier opinion, and familiarity is assumed. *Id.* at *1-*2. Nevertheless, for the sake of clarity, we briefly lay out the relevant background.

Hedeen's employment with Aon began in May 2000. On his first day, Aon held a new employee orientation meeting, during which new employees were told how to enroll for employee benefits. Hedeen, unfortunately, missed this meeting and, as a result, did not immediately complete enrollment paperwork. Upon realizing this error in August 2000, Hedeen appealed to Aon's employee benefits

department, asking them to accept his benefits elections despite his untimely enrollment. Aon accepted this appeal, and Hedeen completed his enrollment paperwork.

In November 2000, Aon sent Hedeen a form listing his current benefits elections and coverage. This form contained the following statement: "**You are currently covered under the Long-term disability plan.**" (Compl. Ex. 1, at 2) (emphasis in original). The form further indicated that a premium contribution of $11.04 was to be withheld from each paycheck of Hedeen's for this coverage. Thereafter, this amount was regularly withheld for long-term disability coverage.

In December 2001, Hedeen began experiencing back pain and other related health problems. Hedeen's condition worsened dramatically, and, after the expiration of his short-term disability benefits, he applied for long-term disability benefits with Prudential, the long-term disability insurance carrier for the Aon plan. In June 2003, Prudential denied Hedeen's claim on the grounds that Hedeen had not provided "evidence of insurability" to Prudential as required by the policy's enrollment and eligibility provisions. Hedeen filed the present action after exhausting his administrative appeals.

In their response to the present motion, Plaintiff's counsel have informed us that Hedeen took his own life on November 25, 2004. (Pl.'s Resp. to Aon's Mot. to Dismiss at 1.) However, as Hedeen's claims may survive his death, we must consider Aon's present motion to dismiss.

## ANALYSIS

Aon moves to dismiss Counts II and III pursuant to Rule 12 of the Federal Rules of Civil Procedure. "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990) (quoting *Triad Assocs., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989)). In considering a motion to dismiss, we accept all well-pleaded allegations as true and draw all reasonable inferences in the plaintiff's favor. *Hernandez v. City of Goshen*, 324 F.3d 535, 537 (7th Cir. 2003). Thus, a motion to dismiss should be

granted only when it appears beyond a doubt that plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).[1]

## I. Count II[2]

Count II complains that Aon violated ERISA by breaching its fiduciary duty to Plaintiff. Two ERISA provisions, § 1132(a)(2) and § 1132(a)(3), support a breach of fiduciary duty claim. 29 U.S.C. § 1132(a)(2), (3). As we noted previously, however, relief under § 1132(a)(2) may be sought only for the benefit of the plan, not the individual beneficiary. *See Anweiler v. Am. Elec. Power Serv. Co.*, 3 F.3d 986, 992 (7th Cir. 1993) (citing *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 140 (1985)). Recognizing the futility of a § 1132(a)(2) claim because of the individual relief he seeks, Plaintiff has withdrawn this claim. (*See* Pl.'s Resp. to Aon's Mot. to Dismiss at 7.) We therefore analyze Count II under § 1132(a)(3).

Recovery under § 1132(a)(3) is limited to "appropriate equitable relief." 29 U.S.C. § 1132(a)(3). "Appropriate equitable relief" under § 1132(a)(3) includes only those remedies which were traditionally available in equity, such as injunction, mandamus, and restitution. *Anweiler*, 3 F.3d at 993 (citing *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 260 (1993)). Thus, relief under § 1132(a)(3) may not include legal remedies, such as compensatory damages or other monetary relief. *Id.*

After closely studying Count II and the Complaint as a whole, we cannot characterize the relief sought as equitable in nature. Although the complaint prays for "reinstatement of the plaintiff's long term disability benefits retroactive to the day they were improperly denied," (Compl. ¶ 47(a)), Plaintiff,

---

[1]Although, as explained in later footnotes, Aon's motions will technically be reviewed under separate rules (i.e., 12(b)(6) and 12(c)), this standard of review is the same for motions to dismiss under Rule 12(b)(6) and motions for judgment on the pleadings under Rule 12(c). *Lanigan v. Village of East Hazel Crest, Ill.*, 110 F.3d 467, 470 n.2 (7th Cir. 1997) (citation omitted).

[2]Because Aon did not answer Count II, we examine its motion to dismiss this Count under Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6).

in effect, is seeking to recover monetary damages from Aon. This is not the type of relief afforded by § 1132(a)(3). *See Brosted v. Unum Life Ins. Co. of Am.*, ___ F. Supp. 2d ___, No. 03 C 5423, 2004 WL 2966656, at *4 (N.D. Ill. Nov. 24, 2004) (rejecting an attempt to characterize as equitable the relief sought under § 1132(a)(3) because plaintiff truly sought money damages for benefits owed to him); *Anderson v. Ill. Bell Tel. Co.*, 961 F. Supp. 1208 (N.D. Ill. 1997) (dismissing § 1132(a)(3) claim because plaintiff sought to recover unpaid benefits, "a monetary form of relief"). Accordingly, Plaintiff's § 1132(a)(3) claim is precluded by the relief sought.[3] We therefore dismiss Count II.

## II.     Count III[4]

Count III alleges that Aon violated § 1132 of ERISA. 29 U.S.C. § 1132. Although Count III does not identify the exact provision of § 1132 under which it is brought, we construe it as a claim for benefits under § 1132(a)(1)(B).[5] Because we have previously held, in the context of Prudential's motion to dismiss, that Plaintiff is not entitled to benefits under the policy, Aon argues that Count III must be dismissed against it as well. We agree.

Employee benefit plans under ERISA are governed by written instruments. 29 U.S.C. § 1102(a)(1). In interpreting these instruments, we apply federal common law rules of contract interpretation. *Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 873 (7th Cir. 2001). We therefore interpret ERISA plans in an ordinary manner like a person of average intelligence and experience would. *Id.*

---

[3]Because this conclusion is dispositive, we need not address Aon's argument that Plaintiff is barred from asserting a § 1132(a)(3) claim because § 1132(a)(1)(B) provides an adequate remedy.

[4]Because Aon has previously answered Count III, we treat its motion to dismiss this Count as one for judgment on the pleadings under Rule 12(c). Fed. R. Civ. P. 12(c); *see Lanigan*, 110 F.3d at 470 n.2.

[5]We do so because § 1132(a)(2) and § 1132(a)(3), the only other enforcement provisions of § 1132, authorize breach of fiduciary duty claims, and Count II already alleged that Aon breached its fiduciary duties under ERISA. 29 U.S.C. § 1132(a)(2), (3). Therefore, interpreting Count III as anything other than a claim for benefits under § 1132(a)(1)(B) would render it duplicative.

(citations omitted). If we determine that the plan is unambiguous, we may construe it as a matter of law. *See id.*

We analyzed the terms of the policy and whether Plaintiff fulfilled policy conditions at length in our October 28, 2004 opinion. *Hedeen*, 2004 WL 2434230, at *2-*4. We need not repeat this analysis here. Suffice it to say that Plaintiff failed to submit evidence of insurability as required by the terms of the policy as a condition precedent to coverage. Having failed to fulfill a condition precedent to coverage under the policy, Plaintiff's claim for benefits against Aon under § 1132(a)(1)(B) must be rejected. *Principal Mut. Life Ins. Co. v. Charter Barclay Hosp., Inc.*, 81 F.3d 53, 56 (7th Cir. 1996) (upholding denial of benefits where beneficiary did not meet policy condition of full-time employment). We therefore dismiss Count III against Aon.

## CONCLUSION

For the foregoing reasons, we grant Aon's motion to dismiss Counts II and III. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated 1/13/05